IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEPHANIE MCEWEN, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | Case No. 3:06-0319 |
| v. ) | Judge Nixon |
| ) | Magistrate Judge Brown |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
|    Defendant. ) | |

## ORDER

Pending before the Court is Plaintiff Stephanie McEwen's ("Plaintiff") Motion for Judgment on the Administrative Record ("Plaintiff's Motion") (Doc. No. 32). Magistrate Judge Brown issued a Report and Recommendation ("Report") that Plaintiff's Motion be denied and that the decision of the Administrative Law Judge ("ALJ") be affirmed (Doc. No. 44). Plaintiff filed a Motion for Additional Time Within Which to Submit Objections to the Magistrate's Report (Doc. No. 45) and Objections to the Report (Doc. No. 46). Plaintiff's Motion for Additional Time is **GRANTED**. Upon review of the Magistrate Judge's Report and the reasons discussed herein, the Court **ADOPTS** the Report in its entirety and **DENIES** Plaintiff's Motion.

Also before the Court is Plaintiff's Submission of Evidence in Support of Motion to Remand Under Sentence 6 of 42 U.S.C. § 405(g) (Doc. No. 47) to which Defendant Commission of Social Security ("Defendant") submitted a Response (Doc. No. 48). For the reasons stated below, the Court **DENIES** Plaintiff's requested remand.

**I.**     **BACKGROUND**

-1-

*A.     Procedural Background*

Plaintiff first filed an application for disability insurance benefits with the Social Security Administration ("SSA") on January 10, 2002. (Tr. 122-128). Plaintiff asserted disability due to headaches/migraines, chronic sinus problems, abdominal pain, back pain, depression, anxiety, fatigue, an enlarged liver, and swelling of the hands and feet. (Tr. 99, 134-45, 172-77). Plaintiff's application was denied initially and also upon reconsideration. (Tr. 98-109). Plaintiff filed a request for a hearing by an ALJ. (Tr. 110).

The hearing was held on August 18, 2004. (Tr. 46-97). After hearing testimony from Plaintiff, two friends of Plaintiff, and a Vocational Expert ("VE"), the ALJ issued a denial of benefits on June 24, 2005. (Tr. 20-35). Plaintiff filed a request for a review of the hearing decision on June 29, 2005. (Tr. 19). On February 6, 2006, the Appeals Council entered an order denying the request for review, rendering that decision the final decision of the Commissioner. (Tr. 7-9).

On April 4, 2006, Plaintiff filed this action to obtain judicial review of the ALJ's final decision. (Doc. No. 1). The Court has jurisdiction under 42 U.S.C. § 405(g). On May 6, 2008, Magistrate Judge Brown recommended the ALJ's decision be affirmed and the Plaintiff's Motion be denied. (Doc. No. 44). Plaintiff asserts fourteen (14) objections to the Magistrate Judge's findings. (Doc. No. 46). Specifically, Plaintiff contends that:

> (1) the ALJ failed to obtain a reasonable explanation for the conflict between the VE's testimony and the information provided in the Dictionary of Occupational Titles ("DOT");
>
> (2) the ALJ relied on insufficient evidence in determining that an individual with the residual functional capacity ("RFC") set forth in the ALJ's decision could perform the three identified jobs of companion, assembler, and inspector;

(3) the ALJ erred in failing to ask the VE a question setting forth all of the limitations contained in the ALJ's RFC finding;

(4) the testimony of the VE does not amount to substantial evidence to carry the Commissioner's burden of proof;

(5) the ALJ erred in determining that Plaintiff could perform other jobs in the economy and this is illustrative of the Commissioner's further failure to carry its burden;

(6) the ALJ erred in finding that the record did not support a finding that Plaintiff's medical impairments caused absenteeism which would have precluded substantial gainful activity;

(7) the ALJ erred in finding that the DDS physicians testimony that Plaintiff had a moderate impairment in the ability to complete a normal work day and work week without interruption did not support a finding of disability;

(8) the ALJ "de facto" reopened the initial denial decisions of Plaintiff's prior claims;

(9) the ALJ did not consider the record as a whole;

(10) the ALJ erred in relying upon Plaintiff's daily activities in that these activities support a finding of disability;

(11) the ALJ's credibility finding is unsupported by substantial evidence and does not comport with applicable regulations and rulings;

(12) the ALJ's failure to find a number of Plaintiff's other impairments to be, either singularly or collectively, severe is clear error;

(13) the ALJ's failure to consider the combined effect of Plaintiff's severe and non-severe impairments is error;

(14) the ALJ's erred in according little or no weight to the findings, diagnoses, and opinions of Plaintiff's treating physicians.

(*Id.*). The Court discusses the merits of Plaintiff's objections below.

On September 14, 2009, Plaintiff filed a Submission of Evidence in Support of Motion to Remand Under Sentence 6 of 42 U.S.C. § 405(g) ("Sentence Six Remand") attaching documents relating to Plaintiff's lumbar spine condition and surgery performed on August 17, 2009. (Doc.

-3-

No. 47). Plaintiff requests the Court consider this evidence or remand to the Commissioner to consider this new evidence. Defendant opposes the consideration of this evidence, either on this review or upon remand, arguing that such evidence is neither new nor material and therefore Plaintiff must file a new application to include the 2009 surgery. (Doc. No. 48). The Court considers Plaintiff's requested remand below.

      *B.*      *Factual Background*

The Court adopts the review of the record as summarized by the Report. (Doc. No. 44, at 3).

## II. STANDARD OF REVIEW

The Court's review of the portions of the Magistrate's Report to which Plaintiff objects is *de novo*. 28 U.S.C. § 636(b) (2008). This review, though, is limited to a determination of whether substantial evidence exists in the record to support the Commissioner of Social Security's decision and whether the Commissioner committed any legal errors in the process of reaching that decision. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (2008). The reviewing court will uphold the decision of the Commissioner in adopting the ALJ's decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

The Sixth Circuit defines substantial evidence as "more than a mere scintilla of evidence, but less than a preponderance. *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Court may not substitute its findings of fact for those of the Commissioner if substantial evidence supports the

-4-

Commissioner's findings and inferences. 745 F.2d at 387. Even if the evidence would support a different conclusion or the reviewing court could resolve factual issues differently, the decision of the ALJ must stand if "the evidence could reasonably support the conclusion reached." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Born v. Sec'y of Health & Human Servs.*, 923 F.2d 1168, 1173 (6th Cir. 1990).

### III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

*A. Plaintiff objects that the ALJ failed to obtain a reasonable explanation for the conflict between the VE's testimony and the information provided in the DOT*

Plaintiff argues that the ALJ violated Social Security Ruling (SSR) 00-4p by not asking the VE about any possible conflicts between the occupational evidence provided by the VE and the information contained in the DOT. When a VE provides evidence about the requirements of an occupation, SSR 00-4p creates an affirmative duty in the ALJ to inquire into any possible conflict between the VE provided evidence and the information in the DOT. SSR 00-4p. The ALJ will: "ask the [VE] if the evidence he or she has provided conflicts with information provided in the DOT; and if the [VE's] evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict." *Id.*

Upon review of the record, the magistrate found that the ALJ did not ask if there were any discrepancies between the VE's testimony and the DOT. (Doc. No. 44, at 10). However, because Plaintiff provided no argument or evidence that there were, in fact, discrepancies which may have affected the ALJ's decision, the magistrate refused to remand for this error. Plaintiff provides two arguments for discrepancies in her current Objections.

The first argument is that the job "companion" identified by the VE has only one DOT occupational listing, with a specific vocational preparation number ("SPV") of 3. Plaintiff

-5-

argues that SVP 3 designates a semi-skilled job, requiring transferrable skills from previous work, and Plaintiff does not possess any transferrable skills from her previous unskilled work. Therefore, an inconsistency between the DOT and the VE testimony exists and the ALJ's failure to inquire into this inconsistency is reversible error.

Courts have been reluctant to reverse an ALJ's ruling for failure to inquire into inconsistencies under SSR-00-4p when such a failure constitutes harmless error. *See Fleeks v. Comm'r of Soc. Sec.*, 2009 WL 2143768, at *6-7 (E.D. Mich. July 13, 2009) (applying harmless error rule when ALJ failed to inquire about VE testimony-DOT inconsistencies); *Lancaster v. Comm'r of Soc. Sec.*, 228 Fed. Appx. 563, 574 (6th Cir., April 25, 2007) (noting, "[c]ourts are divided as to whether the failure to inquire into DOT inconsistencies entitles a Plaintiff to relief," without making a ruling on the issue). However, when an ALJ fails to inquire about the only evidence relied upon in step five of the analysis, or the failure to inquire is coupled with an identifiable inconsistency between the VE's testimony and the DOT, a district court in this circuit, and other circuit courts, have reversed and remanded. *See Teverbaugh v. Comm'r of Soc. Sec.*, 258 F. Supp. 2d 702, 706 (E.D. Mich. 2003) ("Because the VE's testimony was the only step five evidence that the ALJ relied upon, the Court cannot rule that there is substantial evidence to support the ALJ's findings."); *Haddock v. Apfel*, 196 F.3d 1084, 1089-91 (10th Cir. 1999); *Prochaska v. Barnhart*, 454 F.3d 731, 736 (7th Cir. 2006) ("We will defer to an ALJ's decision if it is supported by 'substantial evidence,' but here there is an unresolved potential inconsistency in the evidence that should have been resolved.").

The ALJ's failure to inquire about inconsistencies does not, without more, constitute reversible error. *See* 2009 WL 2143768, at *6-7. Although Plaintiff had not previously, she now

identifies inconsistencies between the VE testimony and the DOT regarding the companion job. Whereas the VE testified, and the ALJ found, that Plaintiff would be capable of performing the job of companion, see Tr. 89 & 34, Plaintiff points out that the DOT lists companion as SVP-3, semi-skilled work, which requires transferrable skills from previous work. (*See* Doc. No. 46, at 3); 228 Fed. Appx. at 575 ("Under [SSA] rulings and regulations, [Plaintiff] must possess transferable skills from previous work in order to perform SVP-3 jobs."). The ALJ specifically found, "transferability of skills is not an issue;" therefore, the VE's testimony and the DOT's description of the job requirements for companion are inconsistent.[1] If companion were the only job upon which the ALJ based his determination, then there would not be substantial evidence for the ALJ's decision and likely cause for remand. *See* 258 F. Supp. 2d at 706. However, the ALJ had substantial evidence beyond this job upon which to base his decision.

As for the other two jobs identified by the VE, assembler and inspector, Plaintiff argues that the ALJ did not ask for enough information on these jobs to carry the Commissioner's burden of proof in that: (1) the ALJ failed to ask for the DOT numbers for these two jobs; and (2) the ALJ did not inquire as to any inconsistencies between the VE's testimony and the DOT for these two jobs. Plaintiff asserts that the DOT contains over 150 assembler titles and almost 250 inspector titles, "performed across all skill and exertional levels." (Doc. No. 46, at 4). However, the VE testified to and the ALJ found 4,800 light assembler and 1,300 light inspector jobs in Tennessee. (Tr. 34). The number of DOT job titles listed in its index does not correlate to the number of those types of jobs in the regional or national economy. Furthermore, the VE

---

[1] The Court notes that although the ALJ did not question the VE regarding potential inconsistencies, he determined that such testimony was not inconsistent with the DOT in his Decision. (*See* Tr. 34).

specified and the ALJ reiterated the "light" categorization for this work. Plaintiff has not pointed to any inconsistency between this DOT job description and the VE testimony, as she did for the companion job. While the ALJ did not inquire into any consistencies between the VE's testimony and DOT, as discussed above, the Court cannot find a lack of substantial evidence here.

> B. *Plaintiff objects that the ALJ relied on insufficient evidence in determining that an individual with the RFC set forth in the ALJ's decision could perform the three identified jobs of companion, assembler, and inspector*

Plaintiff argues that because the ALJ never asked a hypothetical with both physical (extertional) and mental (non-extertional) limitations, sit/stand option at will, and a limitation of no climbing, the VE never testified that an individual with Plaintiff's RFC could perform the three identified jobs of companion, assembler, and inspector. Upon review of the record, the Court hereby adopts the Report's thorough description of the back-and-forth of the ALJ's hypotheticals with the VE. (*See* Doc. No. 44, at 8-10). The Court finds that although the ALJ did not ask one detailed hypothetical question covering the entire RFC, the ALJ did ask a series of hypotheticals that eventually narrowed the physical and mental limitations, resulting in the three jobs identified. The ALJ's determination here was supported by substantial evidence.

> C. *Plaintiff objects that the ALJ erred in failing to ask the VE a question setting forth all of the limitations contained in the ALJ's RFC finding*

Plaintiff argues that because the ALJ never instructed the VE to consider a sit/stand option *at will* or assume *no* climbing that the VE testimony does constitute substantial evidence for the jobs identified. While the ALJ did discuss only a sit/stand option with the VE, not necessarily a sit/stand option *at will*, the Court finds that the ALJ nevertheless had substantial evidence upon which to base his decision. (*See* Tr. 84). Medical opinions in the record establish

-8-

that Plaintiff is capable of standing and/or walking for about six (6) hours in an eight (8) hour work day, with normal breaks, and sit for about six (6) hours in an eight (8) hour work day, with normal breaks. (Tr. 426, 1434). The Court can find no authority, and Plaintiff cites none, for the proposition that the at-will option means that Plaintiff would have the option to sit for eight (8) hours in an eight (8) hour workday. There is substantial evidence in the record to support the ALJ's finding that Plaintiff could perform a sufficient number of jobs in the economy with a sit-stand option at will.

Regarding the climbing, when questioning the VE the ALJ stated: "we would want to rule out or at least restrict a person's ability to climb . . . . [l]et's say no repetitive or continuous climbing, so we are not ruling out the ability to climb stairs." (Tr. 84). After this the VE went on to identify cashier positions, companion positions, and general office clerk positions, all at the light level, as possible jobs with this climbing restriction. (Tr. 84-85). The ALJ then continued his questioning of the VE. Medical opinions in the record establish that Plaintiff has no postural limitations for climbing. (Tr. 427, 1435). There is substantial evidence in the record to establish that Plaintiff could perform work with a less restrictive climbing limitation than the no climbing limitation used by the ALJ in his Decision. (Tr. 33).

> D. *Plaintiff objects that the testimony of the VE does not amount to substantial evidence to carry the Commissioner's burden of proof*

Plaintiff argues that the VE's testimony is not substantial evidence sufficient to carry the Commissioner's burden to prove the existence of a significant number of jobs in the national economy that the Plaintiff could perform, given her age, experience, education, and residual functional capacity. *See Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990) (five-step sequential evaluation process for administrative-level review of case). Plaintiff describes the

-9-

VE's responses as, "filled with ambiguity." (Doc. No. 46, at 9). However, beyond the examples of VE testimony discussed *supra*, Plaintiff does not point out any additional specific objections. Therefore, per the forgoing analysis, the Court finds that the ALJ had substantial evidence upon which to base his decision.

> *E.  Plaintiff objects that the ALJ erred in determining that Plaintiff could perform other jobs in the economy and this is illustrative of the Commissioner's further failure to carry its burden*

Plaintiff asserts that the ALJ erred in concluding that Plaintiff could performs jobs existing in significant numbers in the national economy because the VE did not testify regarding jobs in the national economy, but instead testified regarding the number of jobs in the regional economy. As discussed by the magistrate, the Social Security Act defines "work which exists in the national economy" as "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 1382c(a)(3)(B). Therefore the VE's testimony regarding jobs in the regional economy was, for the purposes of the Social Security Act, testimony regarding jobs in the national economy. There is no error here and the ALJ had substantial evidence upon which to base his decision.

Similarly, Plaintiff asserts that because the ALJ did not make a specific finding that the jobs identified by the VE constituted a "significant" number of jobs, the burden of proof for step five is unmet. The ALJ determined that there were a total of 7,500 jobs in Tennessee that Plaintiff could perform. (Tr. 34). Even if we were to subtract from that number the companion jobs (1,400 in Tennessee) per the discussion *supra*, that leaves 6,100 jobs in Tennessee that Plaintiff could perform (*See* Tr. 34). This is a significant number of jobs. *See Hall v. Bowen*, 837 F.2d 272, 273-74 (finding between 1350 and 1800 jobs to be a significant number of jobs).

The ALJ had substantial evidence upon which to base his decision.

> F.  *Plaintiff objects that the ALJ erred in finding that the record did not support a finding that Plaintiff's medical impairments caused absenteeism which would have precluded substantial gainful activity*

Plaintiff argues that the ALJ committed reversible error by not determining that Plaintiff's absenteeism due to medical treatment would have precluded substantial gainful employment. The Plaintiff has had a remarkable number of medical treatments. (*See* Doc. No. 46, at 10). However, the Court finds that the ALJ had substantial evidence, including DDS opinions and the opinions of Plaintiff's treating physicians, that Plaintiff could complete a full work week and/or had no conditions which prohibited employment. (*See* Tr. 423, 658, 662-63, 1267, 1431, 1462).

> G.  *Plaintiff objects that the ALJ erred in finding that the DDS physicians' testimony that Plaintiff had a moderate impairment in the ability to complete a normal work day and work week without interruption did not support a finding of disability*

Plaintiff asserts that five DDS consultants marked Plaintiff as "moderately limited" in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods" and that therefore that she is precluded from all employment. (*See* Tr. 422-24, 661-63, 1267-69, 1430, 1461-63). Although all five DDS physicians did mark that box, substantial evidence exists in the record for the ALJ to determine that this "moderate limitation" did not preclude all employment. For example, in his notes on that form, Dr. Frank Edwards explained that Plaintiff "can complete a work week, maintain attendance, with no more than occasional difficulty." (Tr. 1431). Another DDS physician, Dr. Slayton, noted, "[t]here are no other significant limitations due to claimant's mental impairments." (Tr. 663; *see also*, Tr.

-11-

424). The DDS consultants' opinions must be interpreted as a whole, with the "moderately limited" check box read within the full context of the form itself, all accompanying notes, and the balance of evidence in the record. The Court finds substantial evidence to support the ALJ's decision here.

> H. *Plaintiff asserts that the ALJ "de facto" reopened the initial denial decisions of Plaintiff's prior claims*

Plaintiff's final seven objections are statements without supporting factual or legal citations. (*See* Doc. No. 46, at 11). This list of objections, with the exception of one, was also submitted verbatim in her Memorandum in Support of Judgment on the Administrative Record. (*See* Doc. No. 33, at 22).

Plaintiff argues that the ALJ "de facto" reopened the initial denials of Plaintiff's claims. However, the ALJ's Decision stated: "Because there is no new and material evidence or other basis for reopening the previous determinations, they are final, binding, and not subject to further review as to the issue of disability during the previously adjudicated periods pursuant to 20 C.F.R. § 416.1457(c)(1)." (Tr. 23). The ALJ reviewed all evidence in the record when determining Plaintiff's claims. Consideration of information contained in the previous applications does not constitute a reopening of previous cases. The Court cannot find, and Plaintiff does not cite, case law to the contrary.

> I. *Plaintiff asserts that the ALJ did not consider the record as a whole*

Upon a review of the record, the transcript of the administrative hearing and the ALJ's Decision, the Court finds that the ALJ's opinion is supported by substantial evidence. Plaintiff's assertion that the ALJ did not consider the record as a whole is, therefore, unfounded.

> J. *Plaintiff objects that the ALJ erred in relying upon Plaintiff's daily activities in*

*that these activities support a finding of disability*

Plaintiff argues that Plaintiff's daily activities support a finding of disability. There is substantial evidence in the record to support the finding that Plaintiff is able to engage in a variety of daily activities. Plaintiff takes care of her children, gets them ready for school, helps with their homework, and drives them to school. (Tr. 447). She cleans the house, cooks meals, and takes care of her family's finances with assistance. (Id.). The ALJ made his finding regarding Plaintiff's daily activities in the context of Plaintiff's claims of disabling pain and the Court finds that there was substantial evidence for this finding.

> K. *Plaintiff objects that the ALJ's credibility finding is unsupported by substantial evidence and does not comport with applicable regulations and rulings*

Because Plaintiff does not point to specific credibility findings or regulations and rulings, the Court cannot address this objection. See discussion, *supra*, for general conclusion that the ALJ's findings were supported by substantial evidence.

> L. *Plaintiff objects that the ALJ's failure to find a number of Plaintiff's other impairments to be, either singularly or collectively, severe is clear error*
>
> M. *Plaintiff objects that the ALJ's failure to consider the combined effect of Plaintiff's severe and non-severe impairments is error*

The ALJ considered the large evidentiary record in this case and wrote a very thorough Decision. (Tr. 23-35). In that Decision, the ALJ considered all of Plaintiff's medically-determinable impairments, severe and not severe, individually and in combination. (*See* Tr. 24). Substantial evidence existed for the ALJ's determination of the severity of Plaintiff's impairments.

> N. *Plaintiff objects that the ALJ erred in according little or no weight to the findings, diagnoses, and opinions of Plaintiff's treating physicians*

Case 3:06-cv-00319    Document 49    Filed 12/21/09    Page 13 of 16 PageID #: 540

The ALJ should give enhanced weight to the findings and opinions of treating physicians. 20 C.F.R. § 404.1527(d)(2). However, if contrary medical evidence exists in the record, the treating physician's statement is not controlling. *Id.* Plaintiff does not cite the findings, diagnoses, and opinions of Plaintiff's treating physicians that the ALJ did not properly credit; however, the Court finds that the ALJ did credit the opinion of Plaintiff's treating physicians often and such opinions constituted substantial evidence for his Decision. (*See* Tr. 32 ("This treating source opinion is accepted" *and* "The opinion of Dr. Weiss also conflicts with the treating source opinion of Dr. Dunn discussed below.")).

## IV. PLAINTIFF'S SENTENCE SIX REMAND REQUEST

In September 2009, Plaintiff filed a Motion to Remand Under Sentence 6 of 42 U.S.C. § 405(g) ("Plaintiff's Motion to Remand") (Doc. No. 47). Plaintiff's Motion to Remand contained additional evidence which Plaintiff asks the Court to consider in support of her Motion for Judgment on the Administrative Record or, alternatively, to use to justify remand. This evidence consists of doctor's notes and other information related to a back surgery Plaintiff underwent in August 2009. (*See* Doc. No. 47-1). Defendant submitted a Response arguing that evidence of a surgery performed four years after the Commissioner's June 2005 decision at issue here is neither new nor material and therefore should not be considered (Doc. No. 48). The Court agrees.

The Court may order additional evidence to be taken before the Commissioner, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Evidence is new "only if it was not in existence or available to the claimant at the time of the

administrative proceeding" and material "if there is a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2007). Plaintiff bears the burden of showing that these two requirements are met. *Id.*

Plaintiff argues that Dr. O'Brien advised Plaintiff to have this particular back surgery in January 2005 but Plaintiff lost her insurance and therefore did not schedule the surgery until July 2009. (*See* Tr. 924; Doc. No. 47-1, at 1). For this evidence to be material, it must relate to Plaintiff's condition before the Commissioner's June 2005 decision. In reaching his decision, the ALJ did, in fact, consider Dr. O'Brien's December 2004 and January 2005 evaluation of Plaintiff's operable lesion at the L5-S1 level and noted that the record showed the planned back surgery was never performed. (Tr. 32). The ALJ took this information into consideration when determining: "the objection evidence does not support the claimant's allegation of disabling pain, and her other complaints are not credible to the extent alleged." (Id.). The Court does not believe that evidence of a surgery performed four years after the initial evaluation would have caused the Commissioner to render a different conclusion on claimant's allegation of pain. In fact, if Plaintiff was able to postpone the surgery for so long, the conclusion is likely the opposite.

For the reasons stated above, the Court **DENIES** Plaintiff's requested remand.

## V. CONCLUSION

The Court does not find merit in Plaintiff's objections because there is substantial evidence in the record to support the ALJ's decision that Plaintiff is not disabled under 42 U.S.C. § 423(d)(1)(A). Therefore, Plaintiff's Motion is **DENIED** and the Court **ADOPTS** the

-15-

Magistrate Judge's Report in its entirety. In addition, Plaintiff's Sentence Six Motion is

**DENIED**.

This Order terminates this Court's jurisdiction over this action and the case is

**DISMISSED**.

It is so ORDERED.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT