# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| STEPHANIE MCEWEN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 3:06-cv-00319 |
| v. | ) |
| | ) Judge Nixon |
| CAROLYN W. COLVIN, | ) Magistrate Judge Brown |
| Acting Commissioner of Social Security, | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Pending before the Court is Attorney Michael P. Williamson's Motion for Approval of Attorney Fee Out of Plaintiff's Past-Due Benefits Pursuant to 42 U.S.C. § 406(b)(1)(A) ("Motion") (Doc. No. 53), filed with a Memorandum in Support (Doc. No. 53-1), a Declaration of Mr. Williamson (Doc. No. 53-2), and three exhibits (Doc Nos. 53-3 to 53-5). Mr. Williamson requests an award of $9,453.78 in attorney's fees out of Plaintiff Stephanie McEwen's past-due SSI benefits. (Doc. No. 53 at 1.) On October 22, 2010, the Sixth Circuit granted the parties joint motion for remand, remanding the case to this Court with instructions to remand the case to the Commissioner for further proceedings (Doc. No. 51), which the Court subsequently did (Doc. No. 52). Following a fully favorable decision for Plaintiff by ALJ Barbara Kimmelman (Doc. No. 53-4), the Social Security Administration awarded Plaintiff past-due benefits totaling $77,818.15 (Doc. No. 53-5 at 1.) Defendant Commisioner of Social Security has not responded to the Motion.

Under § 406(b), a court may grant reasonable attorney's fees out of past-due benefits up to 25% of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b) (2012). The Supreme Court addressed the interplay of contingent-fee agreements and fee awards

under § 406(b) in *Gisbrecht v. Barnhart*, where the Court explained that nothing in § 406(b)'s text or history "reveals a design to prohibit or discourage attorneys and claimants from entering into contingent fee agreements." 535 U.S. 789, 805 (2002) (quotation omitted). Further, § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 807. The Court explicitly rejected the lodestar method—multiplying hours by an hourly rate—for calculating fees under § 406(b). *Id.* at 797–98. However, courts must review contingent-fee agreements for reasonableness, and "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. A court should not approve a contingency fee if it results in a windfall to the attorney. *Id.* at 808.

As this Court has previously held, the Supreme Court's ruling in *Gisbrecht* "did not substantially change the body of Sixth Circuit law" regarding the windfall rule, and thus a singular focus on the effective hourly rate is still discouraged. *See, e.g., Pittman v. Colvin*, No. 3:10-cv-00049, 2013 WL 2445365, at *1 (M.D. Tenn. June 5, 2010) (citing *Whitehead v. Barnhart*, No. 1:04-1236-T, 2006 WL 681168, at *4–*5 (W.D. Tenn. Mar. 14, 2006)). Accordingly, "[m]ore than comparative 'largeness' . . . must be shown before this [C]ourt will reduce a fee on the theory that it constitutes a 'windfall' to counsel." *Id.* (citing *Whitehead* at *3). Other courts have stressed the importance of honoring contingent-fee agreements and have granted requests for fees under § 406(b) that resulted in high de facto hourly rates in the wake of *Gisbrecht*. *See Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1366 (N.D. Ga. 2005) (approving a 25% contingency fee resulting in a de facto hourly rate of $643.00); *Thomas v. Barnhart*, 412 F. Supp. 2d 1240, 1245 (M.D. Ala. 2005) (approving a 25% contingency fee resulting in a de facto hourly rate of $498.00); *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (approving a

25% contingency fee resulting in a de facto hourly rate of $810.00); *Mudd v. Barnhart*, 2003 WL 23654009 (W.D. Va. 2003), *aff'd* 418 F.3d 424 (4th Cir. 2005) (approving a 25% contingency fee resulting in a de facto hourly rate of $736.00). While it is not clear whether the Sixth Circuit's holding in *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418 (6th Cir. 1990), regarding threshold hourly rates which are *per se* reasonable survives *Gisbrecht*, *see Hamilton v. Comm'r of Soc. Sec.*, No. 09-11553, 2011 WL 10620498, at *5 (E.D. Mich. Aug. 15, 2011), even the *Hayes* court explained rates which are greater than the *per se* reasonable threshold of double the regular hourly rate "may well be reasonable." 923 F.3d at 422.

Mr. Williamson seeks approval of a fee of $9,453.78 for his representation of Plaintiff in federal court pursuant to 42 U.S.C. § 406(b). (Doc. No. 53-1 at 1.) Mr. Williamson affirms that the prevailing rate for representation of Social Security disability claimants in U.S. District Courts is at least $200 per hour. (Doc. No. 53-2 at 2.) Counsel further provides an affidavit which accounts for the time he spent on this case, totaling 60.3 hours. (Doc. No. 53-3.) Accordingly, counsel's requested fee would compute to $156.77 per hour for this case, which would in fact be *lower* than the regular hourly rate Mr. Williamson has attested to. Accordingly, under the analysis above, the Court finds no reason to reduce the requested fee.

Accordingly, the Court finds the requested attorney's fee under 42 U.S.C. § 406(b) to be reasonable **GRANTS** counsel's Motion (Doc. No. 53).

It is so ORDERED.

Entered this the 21st day of March, 2014.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT